Filed 3/11/25  P. v. Vargas CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>RAY ANTHONY VARGAS,<br><br>　　Defendant and Appellant. | G063553<br><br>(Super. Ct. No. 97NF0952)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

Ray Anthony Vargas appeals from the denial of his petition for recall and resentencing pursuant to Penal Code sections 1172.7 and 1172.75.[1] Vargas contends the plain language of the statute proves that the resentencing procedure is available to defendants whose former section 667.5, subdivision (b) (section 667.5(b)) enhancements were stayed. Accordingly, the trial court erred in denying him relief. We agree with Vargas and reverse and remand for resentencing.

## PROCEDURAL HISTORY

In February 2000, a jury convicted Vargas of willful, deliberate, and premeditated attempted murder. (§§ 664, 187, subd. (a); count 1.) The jury found true that Vargas personally used a firearm (§ 12022.5(a)), and personally inflicted great bodily harm (§12022.7). Thereafter, the trial court found all prior allegations true. Vargas was sentenced to a total of life in prison plus 18 years. As pertinent here, the court imposed one year for the former section 667.5(b) prior and stayed that sentence.

In November 2023, Vargas filed a petition for recall and resentencing under sections 1172.7 and 1172.75. The following month, the trial court concluded Vargas was not eligible for relief under section 1172.75. The court found Vargas was ineligible for resentencing because Vargas's prison prior was "either stayed or stricken at [the] time of sentencing" and thus never imposed and executed, citing *People v. Rhodius* (2023) 97 Cal.App.5th 38 [prison priors that were imposed but stayed are not entitled to relief under the statute], review granted Feb. 21, 2024, S283169 (*Rhodius*). The court's order denying relief in this case also stated, "If Defendant appeals this decision, the briefing, oral and written arguments, transcripts, decision,

<hr>

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

and minutes in [*People v. Banuelos*, Orange County Superior Court case No. 16CF3259, and *People v. Eckstein*, Orange County Superior Court case No.17CF0713, are] to be part of the trial court record for any action [on] appeal." This necessitated the record in this appeal to be augmented with the portions of the records of the two unrelated cases referenced by the trial court.

DISCUSSION

Effective January 1, 2022, section 1172.75 provides that certain one-year sentence enhancements for prior prison terms imposed under former section 667.5(b) are legally invalid and provides a mechanism for resentencing individuals serving judgments that include one or more of those enhancements. (§ 1172.75, subds. (a)–(c).) The question before us in this appeal is whether section 1172.75 entitles a defendant to a resentencing hearing if the defendant's prior prison term enhancement was stayed for the purposes of sentencing.

There is a split of authority on the issue, and we await resolution by our Supreme Court. In our own district, the divisions have disagreed on the issue. (Compare *Rhodius, supra*, 97 Cal.App.5th at pp. 40–41, 45, 48–49 [§ 1172.75 does not authorize resentencing for stayed prior prison term enhancements], rev.gr., with *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for stayed prior prison term enhancement], review granted, Feb. 21, 2024, S283189 (*Christianson*).)[2]

Vargas argues the plain language of section 1172.75 does not limit its application to cases in which the enhancement was ordered to be

_____

[2] We are aware there are a multitude of opinions issued by other appellate courts on this issue. Indeed, the number seems to grow daily. We limit our discussion to *Rhodius* and *Christianson* because we believe these cases adequately explain the reasoning supporting the different results.

executed. This position is consistent with the court's holding in *Christianson.* The Attorney General relies on *Rhodius,* just as the trial court did. He contends because the court struck the punishment for Vargas's prior prison term enhancement, Vargas is not entitled to relief under section 1172.75. Both parties rely on the statutory language and interpretation for their conclusions. We agree the question is resolved by statutory interpretation.

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5(b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The Attorney General argues the term "'imposed,'" for purposes of section 1172.75, means imposed and executed, not imposed and stayed for purposes of punishment. He notes

4

section 1172.75, subdivision (d)(1), states that resentencing "shall result in a lesser sentence than the one originally imposed."

The issue of a lesser sentence was addressed in *Christianson*. The court reasoned that a stayed enhancement "result[s] in a lesser sentence" under section 1172.75, subdivision (d)(1), because "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. [Citation.]" (*Christianson, supra*, 97 Cal.App.5th at p. 312, rev.gr.)

Here, the trial court stayed the enhancement for the purpose of sentencing. The enhancement remained part of the judgment. As part of the judgment, the stayed enhancement could be revived upon resentencing consideration.

Returning to the statutory language, section 1172.75, subdivision (b) directs "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement [and] provide [their information] to the sentencing court that imposed the enhancement." This provision does not limit the obligation to identify only those defendants who are actually serving a sentence for the enhancement. The absence of such a limitation indicates the Legislature did not intend to restrict relief to those defendants whose sentences had been both imposed and executed as the Attorney General argues. As the court in *Christianson* stated, if the Legislature had intended to limit section 1172.75 to only those individuals who were currently serving an additional term based on the enhancement, it

5

had the ability to do so. (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.)

The Attorney General contends *Gonzalez,* supports his position. We agree with the *Christianson* court that *Gonzalez* is not controlling. There, our Supreme Court recognized the term "imposed" could encompass enhancements that were imposed and executed and enhancements that were imposed and stayed, but stated, "'[A]s a practical matter, the word "impose" is often employed as shorthand to refer to the first situation . . . .' [Citation.]" (*Gonzalez*, *supra*, 43 Cal.4th at p. 1125.) Construing the term in the context of the statutory scheme before it, the court held that "imposed" in section 12022.53, subdivision (f) meant imposed and executed. (*Gonzalez*, at p. 1126.) This construction accorded with the statute's purpose of ensuring longer sentences for felons who use firearms. (*Id.* at p. 1129.) Unlike the statute at issue in *Gonzalez*, section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement." (*Christianson, supra*, 97 Cal.App.5th at p. 314, rev.gr.) *Gonzalez* is therefore unhelpful to the Attorney General's position.

We acknowledge the well-reasoned dissent in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, which concludes that where the punishment for an enhancement was stricken, the enhancement has not been imposed within the meaning of section 1172.75. We also have considered the reasoning in *Rhodius* and the Attorney General's argument concluding both are plausible. But we find the reasoning in *Christianson* regarding a stayed enhancement compelling and see no reason to conclude differently when the enhancement is stricken.

When an enhancement is found to be true by the trial court, by a jury, or admitted by the defendant, it becomes part of the judgment and must

be addressed of as part of the sentencing process. A sentence on the enhancement may be imposed and executed so that the defendant serves an additional term of imprisonment. Or the court may stay or strike the enhancement so that the enhancement does not increase the defendant's sentence. Whether or not the sentence is increased because of the enhancement, the enhancement is accounted for in the judgment and abstract. We do not draw a distinction in terms of the application of section 1172.75 between an executed sentence and a stayed or stricken sentence.

Whether executed, stayed, or stricken, the judgment contains a now-invalid enhancement for a prison prior regardless of how the court addressed the enhancement. We therefore reverse the trial court's order.

## DISPOSITION

The postjudgment order denying Vargas's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for resentencing. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


MOTOIKE, J.

7